**In re Habeas Corpus of Donald Keith REA.**

**No. A–12117.**

Criminal Court of Appeals of Oklahoma.

Sept. 8, 1954.

Elmore A. Page, Tulsa, for petitioner.

POWELL, Presiding Judge.

This, an original action in habeas corpus, was instituted by the petitioner, Donald Keith Rea, for the purpose of being dis-charged from incarceration in the county jail of Tulsa County, or in lieu thereof, that the bond fixed at $7,500 and which the petitioner has been unable to make, be reduced.

The petitioner alleges that he is being held by district court information for the offense of first degree rape. It is alleged that he was arrested on the charge on or about March 8, 1954; that a preliminary hearing was had in the court of common pleas of Tulsa County, and defendant was bound over to the district court without bond. An information was filed in the district court of Tulsa County wherein petitioner was charged with first degree rape. He caused to be filed a petition for writ of habeas corpus in that court, and bond was fixed by the court in the sum of $7,500.

Petitioner claims that he has been denied his constitutional right to a speedy trial in that a criminal jury docket was held during the latter part of April and the first part of May, 1954 and although defendant's case was on the docket, he was not tried.

The county attorney of Tulsa County has failed to respond to the petition, as required by order of this court, and made no appearance when the petition came on for hearing on September 2, 1954.

We have examined the transcript of the preliminary hearing. The record made at hearing of the petition for writ of habeas corpus in the district court of Tulsa County is not before us.

The transcript presented reveals that Jean Thompson, thirteen years of age, and another girl were hitch hiking and went riding with the defendant and two other boys. There was evidence that she was raped. By reason of the fact that the case is scheduled for trial, we shall not detail the evidence. However, so far as the testimony at the preliminary is concerned, there was a sharp conflict. There is no dispute but that the petitioner did go riding with the prosecutrix.

In view of the facts and circumstances in the record, we have reached the conclusion that under the law petitioner is entitled to bail in the reasonable sum of Five Thousand ($5,000) Dollars.

1040

■ It does not appear that a second term of court has expired since the filing of the information, and petitioner is not at this time entitled to a discharge on account of delay of trial.

It is therefore ordered that the petitioner is hereby admitted to bail in the sum of Five Thousand ($5,000) Dollars for appearance for trial before the district court of Tulsa County, said bond to be conditioned as provided by law, and approved by the Court Clerk of Tulsa County.

JONES and BRETT, JJ., concur.